IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| IRVIN LAMAR SIMPSON, ) <br> #53679-019, ) <br> Petitioner, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> B.M. ANTONELLI, ) <br> Warden, FCI Williamsburg, ) <br> ) <br> Respondent. ) <br> _____) | Civil Action No. 1:18-cv-1072-TMC <br><br> **ORDER** |

Petitioner Irvin Lamar Simpson ("Simpson"), a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, seeking relief from the 360-month sentence he received in connection with his conviction on federal narcotics charges. (ECF No. 1).[*] Respondent moved to dismiss (ECF No. 14), and Simpson filed a response (ECF No. 19). The motion was referred to a United States Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). On August 21, 2018, the magistrate judge issued a Report and Recommendation ("Report") (ECF No. 20) recommending that Respondent's Motion to Dismiss (ECF No. 14) be granted. Simpson filed objections to the Report in a timely fashion. (ECF No. 22).

A magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with

---

[*] Simpson initially asserted a second claim in his § 2241 petition, objecting to his cell assignment at the Federal Correctional Institution in Williamsburg, South Carolina. (ECF No. 1 at 7). Subsequently, he withdrew this claim. (ECF No. 19 at 1).

making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks omitted). The court likewise need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

## I. Background/Procedural History

On October 2, 2004, Simpson was convicted by a jury in the Northern District of Georgia of (1) possessing with intent to distribute, and distributing, cocaine base (count one), and (2) possessing with intent to distribute at least five grams of cocaine base (count two). *See United States v. Simpson*, No. 2:02-cr-52 (N.D. Ga. Dec. 6, 2002) at ECF No. 39. The district court imposed a 240-month term of imprisonment on count one and a 360-month term of imprisonment on count two, to be served concurrently. *Id.* at ECF No. 47. In imposing this sentence, the district court determined Simpson to be a career offender under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") and applied U.S.S.G. § 4B1.1. Simpson then unsuccessfully sought relief on direct appeal. *See United States v. Simpson*, 82 F. App'x. 218 (11th Cir. Sept. 19, 2003) (unpublished table decision), *cert. denied*, 541 U.S. 980 (2004).

In May 2004, Simpson filed a motion for relief under 28 U.S.C. § 2255, raising a number of issues. The district court denied relief, *see United States v. Simpson*, 2010 WL 399315 (N.D. Ga. Jan. 27, 2010), but granted a certificate of appealability as to Simpson's claim that trial counsel provided him ineffective assistance by failing to pursue a motion to suppress a portion of the crack cocaine introduced against him at trial, *see United States v. Simpson*, 2010 WL 1328621 (N.D. Ga. Mar. 29, 2010). The Eleventh Circuit Court of Appeals affirmed the denial of Simpson's § 2255 motion, see *Simpson v. United States*, No. 2:02-CR-0052, (ECF No. 140), and the Supreme Court denied his certiorari petition, *see Simpson v. United States*, 565 U.S. 854 (2011).

Simpson then made several attempts to challenge his sentence on collateral review. On March 23, 2015, Simpson filed his first habeas petition under 28 U.S.C. § 2241 seeking relief based on *United States v. Booker*, 543 U.S. 220 (2005). *See Simpson v. Masters*, 2016 WL 2940082, at *2 (S.D.W. Va. Apr. 6, 2016). The district court denied relief and dismissed Simpson's petition. *See Simpson v. Masters*, 2016 WL 2939512 (S.D.W. Va. May 19, 2016). In May 2015, Simpson unsuccessfully moved for a sentence reduction under Guidelines Amendment 782. *See United States v. Simpson*, No. 2:02-cr-52 (N.D. Ga. Dec. 6, 2002) at ECF No. 152 (concluding that Amendment 782 did not apply to reduce sentences imposed under the career offender guideline). And, in May 2016, Simpson moved for a writ of audita querela, *see id.* at ECF No. 153, which was denied by the district court, *see id.* at ECF No. 154.

Finally, Simpson filed the instant § 2241 petition to challenge his sentence. Mindful of the liberal construction requirement, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court discerns two distinct claims in Simpson's *pro se* petition. First, Simpson contends that his sentence should be vacated because it was imposed under an unconstitutional "mandatory guideline scheme." (ECF No. 1 at 6). In elaborating on this claim, Simpson asserts that his sentence was imposed

"pre-*Booker*" pursuant to 18 U.S.C. § 3553(b), which, at the time of his sentencing, required district courts to impose a sentence within the range set by the Guidelines—a scheme that no longer passes constitutional muster. (ECF No.1 at 7). Second, Simpson contends that in handing down his sentence in 2004, the district court erroneously designated him as a career offender under U.S.S.G. § 4B1.1 because he has only "one qualifying prior Georgia state conviction" instead of the requisite two prior felonies. *Id*.

Respondent moved to dismiss, arguing in part that Simpson may seek relief under § 2241 only if he can show that a § 2255 motion would be "inadequate or ineffective" to raise his challenge. 28 U.S.C. § 2255(e); *see* ECF No. 15. Simpson is unable to make this showing, Respondent argued, "because *Booker* is not retroactively available to cases on collateral review," (ECF No. 15 at 7), as required by *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Respondent did not expressly address Simpson's claim regarding his career offender status.

In response, Simpson contended his claim that he is serving unconstitutional sentence does not rest on *Booker*; rather, Simpson asserted that the mandatory Guidelines sentence he received simply rests on a "constitutional infirmity" that is "manifest." (ECF No. 19-1 at 2). Simpson would, therefore, have the court conclude that *Booker*'s non-retroactivity poses no impediment to his challenge. Simpson also reasserted the challenge to his designation as a career offender under U.S.S.G. § 4B1.1 and noted that Respondent had failed to address this aspect of his petition.

## II. Discussion

In her Report, the magistrate judge correctly observed that in order to file a habeas petition under § 2241, Simpson must satisfy the requirements of the savings clause set forth in § 2255:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that

> the remedy by motion is *inadequate or ineffective* to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added); *see Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[D]efendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," and "[i]t is only when § 2255 proves inadequate or ineffective to test the legality of detention, that a federal prisoner may pursue habeas relief under § 2241." (internal quotation marks omitted)). The requirements of the savings clause are jurisdictional. *See Rice*, 617 F.3d at 806-07 (explaining that "when a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction").

The Fourth Circuit recently made clear that the savings clause of § 2255 "provides an avenue for prisoners to test the legality of their sentences"—not just their convictions—"pursuant to § 2241." *Wheeler*, 886 F.3d at 428. And, as the magistrate judge rightly noted, the Fourth Circuit articulated in *Wheeler* a new savings clause test for determining whether § 2255 is "inadequate and ineffective" to test the legality *of a sentence*:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Applying *Wheeler*'s savings clause test, the magistrate judge concluded that Simpson failed to satisfy the test's second prong because he "provided no law demonstrating that there had been a change in the settled substantive law that has been deemed to apply retroactively." (ECF

5

No. 20 at 6). The magistrate judge further concluded that "[w]ithout showing a retroactive change in the substantive settled law, [Simpson] is unable to show that his sentence now presents a sufficiently grave error such that it is fundamentally defective." *Id*. at 6-7. Based on those grounds, the magistrate judge recommended that the court grant Respondent's motion to dismiss the § 2241 petition for lack of jurisdiction.

Simpson filed what purports to be two objections to the Report. (ECF No. 22). The objections contain various overlapping and redundant assertions. Construing the document liberally, the court will address each assertion as a discrete, stand-alone objection. First, Simpson contends that the Report "mischaracterized" and "re-cast" the claims raised in his § 2241 petition as dependent on *Booker*. (ECF No. 22 at 5-6). This objection is merely a restatement of the argument he raised in response to the Respondent's motion to dismiss. But Simpson's petition challenges the legality of his sentence expressly because it was imposed under a "mandatory guideline scheme," (ECF No.1 at 6-7), which *Booker* established was unconstitutional. Thus, Simpson's challenge to the mandatory nature of his sentence clearly rests on *Booker*. And, as it is well-established that *Booker* is not retroactively available on collateral review, *see United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005), Simpson's claim based on the mandatory sentencing scheme is outside of the savings clause, *see Wheeler*, 886 F.3d at 429.

Second, Simpson objects to the Report's conclusion that he failed to identify the substantive law that has been changed and deemed retroactively applicable on collateral review, as required by *Wheeler*'s second prong. In support of his position, Simpson offers *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), and *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), which both permitted § 2241 petitioners to challenge their pre-*Booker* career-offender designations via the § 2255 savings clause. Simpson fails to understand, however, that in both cases, the petitioner

6

had identified a "subsequent, retroactive change" in the substantive law that disqualified one of the petitioner's previous convictions as "a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 600; *see Brown*, 719 F.3d at 585. Simpson has repeatedly failed in his filings to identify and explain the subsequent retroactive change in substantive law that resulted in him having only "one qualifying prior Georgia state conviction" instead of the requisite two prior felonies under U.S.S.G. § 4B1.1. Simpson's reliance on such a general and conclusory assertion is insufficient to defeat Respondent's motion to dismiss.

Finally, Simpson objects to the magistrate judge's statement that because he failed to show "a retroactive change in the substantive settled law," he cannot show "that his sentence now presents a sufficiently grave error such that it is fundamentally defective." (ECF No. 20 at 6-7). Simpson cites *Wheeler* and various other decisions for the general proposition that a sentence based on an incorrect career-offender designation can amount to a fundamentally defective sentence. This objection is without merit for the reasons previously noted by the court. Simpson must first identify the substantive legal change at issue before the court can proceed to determine whether the ostensible change in law created a grave error resulting in a fundamentally defective sentence. The court therefore finds this objection to be without merit.

### III. Conclusion

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 20) and incorporates it herein. Accordingly, having concluded that it lacks jurisdiction, the court **GRANTS** Respondent's motion to dismiss Simpson's § 2241 petition.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

September 24, 2018
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.